NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ROBERT STERLING DORSEY, :
: Civ. No. 22-936 (RMB-MJS)
　　　　Plaintiff. :
:
　v. :
: OPINION
ELIZABETH MAHON, et al., :
:
　　　　Defendants. :
_____ :

**RENÉE MARIE BUMB, United States District Judge**

　　Plaintiff Robert Sterling Dorsey, a former prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights action on February 2, 2022, alleging he was provided with inadequate medical care in violation of the Eighth Amendment, and alleging medical malpractice under the Federal Tort Claims Act. This Court administratively terminated the matter because Plaintiff had not paid the filing fee or alternatively submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. 1915(a). (Order, Docket No. 2.) Plaintiff has submitted an IFP application (IFP App., Docket No. 3) that establishes his financial eligibility to proceed without prepayment of the filing fee. Therefore, the Court will direct the Clerk to reopen this case.

1

I.  *Sua Sponte* Dismissal

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

II.  THE COMPLAINT

Plaintiff brings this civil rights action against Elizabeth Mohan, Pharmacist; Dr. David Wilk, Health Service Supervisor; David Ortiz, Warden; and the United States of America, based on the following incident alleged to have occurred at FCI Fort Dix while Plaintiff was incarcerated. Beginning on or about November 18,

2021, in FCI Fort Dix, Building No. 5812, Pharmacist Elizabeth Mohan knowingly and intentionally dispensed Plaintiff's prescription pain medication for COVID 19 and plantar fasciitis to other inmates, causing Plaintiff to suffer pain for 30 days without relief.  Dr. Wilk never answered Plaintiff's informal remedy on form BP-8, and Warden Ortiz failed to reprimand Ms. Mohan. For relief, Plaintiff seeks money damages.

## III.    DISCUSSION

Plaintiff filed his complaint using a court form titled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship). Construing the complaint as alleging negligence by federal employees, Plaintiff's claim is governed by the Federal Tort Claims Act.  28 U.S.C. §§ 1346, 2671 *et seq.* Plaintiff also seeks relief against the defendants in their individual capacities for providing inadequate medical care, which this Court construes as an Eighth Amendment claim arising in an implied cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### A.    Federal Tort Claims Act

"The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government" through a limited waiver of sovereign immunity. *Brownback v. King*, 141 S. Ct. 740, 745 (2021) (citing 28 U.S.C. § 2674; *see also* § 1346(b)). The only proper defendant to an FTCA claim is the United States of

America. *CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008), *as amended* (Sept. 29, 2008). Importantly, there is a prerequisite to bringing an FTCA claim:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675.

Plaintiff has not alleged that he presented his claim to the Federal Bureau of Prisons and that it was finally denied by the agency. Therefore, the Court will dismiss Plaintiff's FTCA claim without prejudice and grant him leave to file an amended complaint. Next, the Court turns to Plaintiff's *Bivens* claims.[1]

---

[1] For purposes of screening the complaint, this Court assumes an implied damages remedy exists under *Bivens*, and reserves the issue of whether this case presents a new context where special factors counsel hesitation in implying a damages remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("a new context arises when there are "potential special factors that previous *Bivens* cases did not consider." (quoting *Ziglar v. Abbassi*, 137 S. Ct. 1843, 1860 (2017).

### B. Eighth Amendment Inadequate Medical Care Claims

"An incarcerated plaintiff asserting a § 1983 claim for inadequate medical care under the Eighth Amendment must show the existence of a serious medical need and that facility staff demonstrated deliberate indifference to that medical need." *Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020). The same Eighth Amendment standard applies to *Bivens* claims brought against federal prison staff or officials. *Hodge v. U.S. Dep't of Just.*, 372 F. App'x 264, 267 (3d Cir. 2010) "Serious medical needs include those that have been diagnosed by a physician as requiring treatment…." *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 227 (D.N.J. 2000) (citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987), *cert. denied*, 486 U.S. 1006 (1988)). The Third Circuit has found deliberate indifference

> in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff's Eighth Amendment *Bivens* claim may proceed against Elizabeth Mohan, based on his allegation that she intentionally and knowingly dispensed his prescription medication for COVID 19 and plantar fasciitis to other inmates.

### C. Supervisory Liability

#### 1. Dr. David Wilk

Plaintiff alleges that Dr. David Wilk, Health Service Supervisor at FCI Fort Dix, failed to answer Plaintiff's informal administrative remedy request on form BP-8, in which Plaintiff complained of Ms. Mohan's alleged misconduct. Under *Bivens*, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Rather, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, supervisors may be liable if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Failure to train and failure to supervise claims are a subcategory of policy and practice liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). To succeed on such a claim, a plaintiff must

> identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Id.* at 330 (citations omitted). With respect to a claim of failure to train, "for liability to attach ... the identified deficiency in a [] training program must be closely related to the ultimate injury." *Sample v. Diecks*, 885 F.2d 1099, 1117 (3d Cir. 1989) (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

Supervisors may also be liable if "'as the person[s] in charge, [they] had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K.*, 372 F.3d at 586) (second alteration added)).

> Actual knowledge "can be inferred from circumstances other than actual sight." *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995). Acquiescence is found "[w]here a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997).

*Festa v. Jordan*, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2011).

Plaintiff's sole allegation— that Dr. Wilk failed to respond to Plaintiff's administrative remedy form—does not establish that a supervisory practice or procedure caused Ms. Mohan to dispense Plaintiff's prescription medication to others or that Dr. Wilk had contemporaneous knowledge of and acquiesced in Ms. Mohan's alleged misconduct. *See, e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (affirming dismissal of claim where complaint lacked allegations of supervisory defendant's contemporaneous knowledge of subordinate's misconduct"). Therefore, the Court will dismiss this Eighth Amendment claim against Dr. Wilk without prejudice.

### 2. Warden David Ortiz

Plaintiff alleges Warden David Ortiz is liable for failing to reprimand Ms. Mohan's misconduct. As stated above, to hold a supervisory official responsible for knowledge and acquiescence in a subordinate's constitutional violation, a plaintiff must allege a supervisor's contemporaneous knowledge of the subordinate's misconduct. Plaintiff has failed to allege sufficient facts for the Court to conclude that Warden Ortiz knew Ms. Mohan was dispensing Plaintiff's prescription medication to other inmates, and that he failed to stop her from doing so.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and proceed the complaint in part and dismiss it in part.

An appropriate Order follows.

**DATE: October 3, 2022**     s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge